MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@winthropcouchot.com
JEANNIE KIM – State Bar No. 270713
jkim@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>FRANKLIN ENERGY CENTER, LLC,<br>a California limited liability company,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:11-bk-23372 ES<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S <u>EMERGENCY</u> MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF PETER LUDLUM IN SUPPORT THEREOF**<br><br>[11 U.S.C. § 105; Fed. R. Bankr. P. 1015; Local Bankr. Rule 1015-1(b), 9075-1(a)]<br><br>[Identical Motions Filed in Related Cases]<br><br>[No Hearing Requested] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES-IN-INTEREST:**

Franklin Energy Center, LLC, a Delaware limited liability company ("Franklin"), the debtor and debtor-in-possession herein, hereby moves ("Motion") the Court, without the need for any hearing, for an order authorizing the joint administration of its Chapter 11 case with the related chapter 11 cases of Energy and Power Solutions, Inc., a Delaware corporation ("EPS"); DairyGen, LLC, a California limited liability company ("DairyGen"); NEC - EPS Holding, LLC, a Delaware limited liability company ("NEC"); Lynn Energy Center, LLC, a Delaware limited liability company ("Lynn"); and COI Energy Center, LLC, a Delaware limited liability company ("COI"). (EPS, DairyGen, NEC, Lynn, COI and Franklin are hereinafter collectively referred to as the "Related Debtors.")

EPS, DairyGen, NEC, Lynn, and COI have filed equivalent motions in their respective Chapter 11 proceedings, which are also pending before this Court under Case Nos. 8:11-bk-23362 ES, 8:11-bk-23364 ES, 8:11-bk-23365 ES, 8:11-bk-23369 ES, 8:11-bk-23370 ES, respectively. The Related Debtors request that their cases be treated as a single case for administrative purposes only and do not request substantive consolidation of their cases at this time.

The Related Debtors respectfully request that joint administration of their estates include, subject to further order of the Court:

    a.    the use of a joint pleadings docket (i.e., the docket established for the case of EPS, Case No. 8:11-bk-23362 ES) for the filing of pleadings and the lodging and entry of orders, judgments, and related documents (but excluding schedules of assets and liabilities, statements of financial affairs, proofs of claim, requests for payment of administrative expenses, and the notice of joint administration);

    b.    the use of a joint pleadings caption;

    c.    combining of notices to creditors and other parties in interest;

    d.    scheduling of hearings; and

    e.    joint and several liability for the estates for administrative expenses.

With respect to the joint pleadings docket, the Related Debtors propose that the docket be maintained in the bankruptcy case of EPS, which was the first of the Related Debtors to file a petition. With respect to the joint pleadings caption, the Related Debtors propose to use the case caption attached hereto as Exhibit "1."

The Related Debtors further request that the Court direct the Clerk of the Court to place a notation in the docket maintained for each of the Related Debtors' cases to reflect that their cases are being jointly administered, such as:

> An order has been entered in this case directing the joint administration of the Chapter 11 cases of Energy and Power Solutions, Inc. (Case No. 8:11-bk-23362 ES), DairyGen, LLC (Case No. 8:11-bk-23364 ES), NEC - EPS Holding, LLC (Case No. 8:11-bk-23365 ES), Lynn Energy Center, LLC (Case No. 8:11-bk-23369 ES) COI Energy Center, LLC (Case No. 8:11-bk-23370 ES), and Franklin Energy Center, LLC (Case No. 8:11-bk-23372 ES), for procedural and administrative purposes only. The docket in the case of Energy and Power Solutions, Inc., Case No. 8:11-bk-23362 ES, should be consulted for all matters affecting all cases, except that the Clerk of the Court shall maintain a separate claims register for each case, and parties shall file any Proofs of Claim and/or requests for payment of administrative expenses in the case of the particular Related Debtor from whom payment is sought.

This Motion is brought in accordance with Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rules 1015-1(b) and 9075-1(a), and is made on the ground that joint administration of the cases is appropriate because it will alleviate the necessity for duplicate papers, notices and proceedings before the Court, and thereby minimize costs and ease the administrative burden for the estates, the Court, and interested parties.

This Motion is based on the attached Memorandum of Points and Authorities; the supporting declaration and exhibits attached hereto; the arguments of counsel to be made at the hearing on the Motion, should the Court set the matter for hearing; and all other admissible evidence properly before the Court.

**WHEREFORE**, Franklin respectfully requests that the Court enter an order:

1. Directing the joint administration of the Related Debtors' Chapter 11 cases as requested herein; and

/ / /

2. Granting such other relief as the Court deems just and proper.

DATED: September 23, 2011

**WINTHROP COUCHOT<br>
PROFESSIONAL CORPORATION**

By: */s/ Garrick A. Hollander*
    Marc J. Winthrop
    Garrick A. Hollander
    Jeannie Kim
[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### GENERAL BACKGROUND OF THE DEBTORS

EPS is a Delaware corporation that is affiliated with five limited liability companies: DairyGen, LLC; NEC - EPS Holding, LLC; Lynn Energy Center, LLC; COI Energy Center, LLC; and Franklin Energy Center, LLC. The following is a schematic of EPS's corporate structure:



---

[1] DairyGen, LLC does not own any assets.
[2] NEC-EPS Holding, LLC is a holding company with no assets other than the equity in its subsidiaries.
[3] Lynn Energy Center, LLC owns as its only asset a cogeneration plant located on the property of Garelick Farms in Lynn, Massachusetts, which has been shut down and is not currently operating.
[4] COI Energy Center, LLC owns as its only asset a cogeneration plant located on the property of White Wave Foods in the City of Industry, California, which has been shut down and is not currently operating.
[5] Franklin Energy Center, LLC owns as its only asset a cogeneration plant located on the property of Garelick Farms in Franklin, Massachusetts, which has been shut down and is not currently operating.

Note: none of these subsidiaries have any employees.

EPS, founded in 2002, provides energy efficiency services to manufacturing and other commercial organizations, and owns and operates combined heat and power ("CHP") cogeneration assets at customer locations pursuant to long term energy service agreements. EPS employs approximately thirty-five (35) persons at its office facility located at 150 Paularino Avenue, Suite A-120, Costa Mesa, California 92626. DairyGen, NEC, Lynn, COI and Franklin all have no

1  employees and few assets, or none at all, of their own, and all of such entities are subsidiaries of
2  EPS.

## II.

## THE NEED FOR EMERGENCY RELIEF

By this Motion, Franklin is seeking to have its estate jointly administered with the bankruptcy estate of each of the other Related Debtors. Franklin is not seeking substantive consolidation of the cases. Joint administration of these cases will allow the Related Debtors' creditors to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, disclosure statements, and other papers that would otherwise be filed in the separate cases. Moreover, joint administration will potentially save each of the estates tens of thousands of dollars in administrative fees and costs, as well as saving the Court numerous man-hours in setting and hearing matters and in reviewing six (6) separate sets of virtually identical pleadings.

The factual basis for granting the relief requested herein is clear. Furthermore, procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in General Order 02-02 and Local Bankruptcy Rule 9075-1. Franklin respectfully submits that, on the facts of this case, emergency relief is both necessary and appropriate, and will result in a substantial benefit to all of the Related Debtors' estates and a substantial savings of the time and resources of counsel and of this Court. Accordingly, Franklin respectfully requests that the Court grant this Motion, on an emergency basis, without notice or hearing.

## III.

## JOINT ADMINISTRATION OF THE RELATED DEBTORS' CASES IS APPROPRIATE AND NECESSARY TO PROMOTE EFFICIENT AND ECONOMICAL ADMINISTRATION OF THE RELATED DEBTORS' ESTATES

Federal Rule of Bankruptcy Procedure 1015(b) ("Rule 1015") authorizes the Court to order joint administration of cases involving two or more related debtors. See Fed. R. Bankr. P. 1015(b). Specifically, Rule 1015 provides, in relevant part, as follows:

    **(b)**   **Cases Involving Two or More Related Debtors.** <u>If</u> a joint petition or <u>two</u> or more <u>petitions are pending in the same court by</u> or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) <u>a debtor and an affiliate, the court may order a joint administration of the estates</u>. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. ...

    **(c)**   **Expediting and Protective Orders.** When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015(b)-(c) (emphasis added). As stated in the advisory committee notes to Rule 1015:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015 Advisory Committee Note (1983). See also Collier on Bankruptcy, Forms 8.92-1, 8.92-4, 8.92-5 (15th ed. rev. 2001), which contemplates the following relief in an order authorizing joint administration:

    (1)   combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;
    (2)   the combining of notices to creditors and parties in interest;
    (3)   the scheduling of hearings;
    (4)   financial reporting by the debtors;
    (5)   the joint and several liability of the estates for administrative expenses; and
    (6)   the joint handling of other administrative matters.

    Joint administration for procedural and administrative matters differs significantly from substantive consolidation, in which the debtors' assets and liabilities are pooled, and the creditors of the separate entities jointly share pro rata in the aggregate net value of the estates. See In re Standard Brands Paints Co., 154 B.R. 563 (Bankr. C.D. Cal. 1993); In re I.R.C.C., Inc., 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, by contrast, is merely procedural, and has no impact on the substantive rights of creditors. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). Each creditor may still file its claim against a particular debtor's estate

by indicating on the proof of claim the particular debtor against which the claim is being asserted, and may, in any given contested matter, identify the particular debtor against which relief is sought. Each creditor will still maintain its rights against the particular estate which the creditor alleges owes it money.

Joint administration of the Related Debtors' estates is appropriate in the instant cases for the following reasons:

### A. The Related Debtors are "Affiliates"

Under the Bankruptcy Code, an "affiliate" includes, among other things, an "entity that directly or indirectly owns, controls, or holds with power to vote, twenty percent or more of the outstanding voting securities of the debtor," 11 U.S.C. § 101(2)(A), or a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor," 11 U.S.C. § 101(2)(B). In the present case, EPS is a parent company owning the majority of voting securities of each of the other Related Debtors, all of whom are subsidiaries of EPS and each of which has few or no assets of its own. Therefore, the Related Debtors are "affiliates" as defined by the Bankruptcy Code. Furthermore, most (or all) of the creditors of the subsidiary Related Debtors are also creditors of EPS. In other words, each of the Related Debtors has few, if any, unique creditors.

### B. Joint Administration Will Promote Judicial Economy

Joint administration will promote the economical interest of the Related Debtors' estates and facilitate judicial administration because of the nature of the relationship between EPS and the remaining Related Debtors. EPS is the parent company of each of the remaining Related Debtors, all of which were formed for the purpose of operating CHP projects of EPS. Many common issues of law and fact that will arise in the respective cases can often be more economically addressed in a single pleading and a single proceeding.

More specifically, joint administration of the Related Debtors' cases will promote judicial economy and render the judicial process less costly for all creditors and parties-in-interest by

alleviating the necessity for duplicate papers, notices and proceedings before the Court. The Clerk's Office will be relieved of the burden of having to maintain separate pleadings files and separate dockets with duplicative entries, while the Related Debtors will be relieved of duplicative noticing and excessive copying costs associated with separate service of identical pleadings in each of the Related Debtors' cases. Creditors will only need to review a single pleading and docket to determine case status versus having to review pleadings and dockets in each of the six (6) pending cases. Joint administration will also simplify the Office of the United States Trustee's supervision of administrative aspects of the Related Debtors' chapter 11 cases.

For the same reasons set forth above, joint administration of the Related Debtors' estates is also consistent with Federal Rule of Bankruptcy Procedure 1001, which provides, in relevant part, that "[t]hese rules shall be construed to secure the just, speedy and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

### C.  Other Considerations

The Related Debtors are unaware of any present existing actual conflicts between their estates <u>that would hinder or interfere with joint administration or prejudice creditors of the estates by reason of joint administration</u>. Again, the relief sought is purely procedural and is not intended to affect substantive rights. The Related Debtors are only requesting joint administration of their estates for procedural purposes only, and are not seeking substantive consolidation at this time. In the event that a conflict arises in the future by reason of joint administration, the Court may, in the exercise of its powers, enter an appropriate order to alleviate such conflict and/or fashion an appropriate remedy to protect creditors and interest holders pursuant to Rule 1015(c).

In fact, joint administration may actually serve to protect the interests of parties who are creditors of one or both of the Related Debtors. Due to the close relationship between the Related Debtors, any actions taken by or against one of the Related Debtors will likely affect another Related Debtor, at least indirectly. Thus, a party who is an "interested party" with respect to one of the Related Debtors will likely also be an "interested party" with respect to another Related Debtor. Joint administration of the case will permit interested parties to monitor a single docket,

and will increase the likelihood that <u>all</u> interested parties will receive notices of all matters that may affect them either directly or indirectly.

If the Court grants this Motion, one of the Related Debtors will serve a notice substantially identical to that attached hereto as Exhibit "2" (or other form ordered by the Court) to all creditors advising them of the joint administration, and such notice will be filed in each of the Related Debtors' cases.

## IV.

## CONCLUSION

For the reasons set forth above, Franklin respectfully requests that the Court enter an order:

1. Directing the joint administration of the Related Debtors' Chapter 11 cases as requested herein; and

2. Granting such other relief as the Court deems just and proper.

DATED: September 23, 2011

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: /s/ Garrick A. Hollander
Marc J. Winthrop
Garrick A. Hollander
Jeannie Kim
[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

## DECLARATION OF PETER LUDLUM

I, Peter Ludlum, declare:

1. I am the Chief Financial Officer of Energy and Power Solutions, Inc., a California corporation ("EPS"), the debtor and debtor-in-possession herein. I am also the Secretary and Treasurer of each DairyGen, LLC, a California limited liability company ("DairyGen"), NEC - EPC Holding, Inc., a Delaware limited liability company ("NEC"), Lynn Energy Center, LLC, a Delaware limited liability company ("Lynn"), COI Energy Center, LLC, a Delaware limited liability company ("COI") and Franklin Energy Center, LLC, a Delaware limited liability company ("Franklin") (collectively, the "Related Debtors"). In those capacities, I have also been responsible for overseeing the financial operations of each of the Related Debtors. Consequently, I am involved in supervising all aspects of all of the Related Debtors' financial affairs.

2. This declaration is submitted in support of EPS's Emergency Motion for Order Authorizing Joint Administration of Related Chapter 11 Cases (the "Motion"). The facts stated herein are within my personal knowledge, and if called upon to testify to such facts I could and would testify competently thereto.

5. Based upon my experience with the Related Debtors and their operations and my familiarity with the facts and circumstances of their cases, I believe that joint administration of the Related Debtors' estates will prevent both the imposition of unnecessary costs on the bankruptcy estates and duplicate proceedings before the court.

6. EPS is the parent company of each of the remaining Related Debtors, each of which has few or no assets of its own. The legal and financial affairs of the Related Debtors are related because of the parent/subsidiary relationship between EPS and each of the remaining Related Debtors. Joint administration will reflect the business reality of the relationships described above and will avoid costly, duplicative proceedings.

7. I anticipate that numerous similar, if not identical, applications, motions and orders will be involved in the Related Debtors' cases. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Related Debtors were to proceed separately. The Related Debtors' creditors stand to benefit from the increased efficiency

MAINDOCS-#166978-v1-Franklin_Jt_Admin_Mtn.DOC

1  of administration anticipated through joint administration because they will not be required to
2  review and separately respond to substantially similar motions, disclosure statements, and other
3  pleadings that would otherwise be filed in separate cases. Joint administration will permit the
4  Related Debtors to respond more efficiently to the demands of their creditors, and will reduce
5  attorneys' fees, reproduction costs, mailing costs and other costs of administering the cases.

6      8.    Finally, EPS proposes that the Related Debtors' estates be jointly and severally
7  liable for administrative expenses. This would include professional fees such that all fees and
8  expenses be charged to the main case and only one joint fee application need be filed by any
9  professional.

10      9.    I am aware of no conflict of interest or prejudice to creditors that will result from
11  joint administration of the Related Debtors' estates.

12      10.    Joint administration of these cases will allow the Related Debtors' creditors to
13  benefit from increased efficiency because they will not be required to review and separately
14  respond to similar motions, disclosure statements, and other papers that would otherwise be filed
15  in the separate cases. Moreover, joint administration will potentially save the estates tens of
16  thousands of dollars in administrative fees and costs as well as save the Court numerous man-
17  hours in setting and hearing matters and in reviewing six (6) separate sets of virtually identical
18  pleadings. Emergency relief is both necessary and appropriate and will benefit substantially the
19  Related Debtors' estates.

20      11.    A notice substantially similar to that attached hereto as Exhibit "2" and
21  incorporated herein by this reference will be sent to all creditors and will be filed in each of the
22  Related Debtors' cases in the event that the Court grants the Motion. A proposed pleading caption
23  for the jointly administered cases of the Related Debtors is attached hereto as Exhibit "1."
24  I declare under penalty of perjury under the laws of the state of California and United States of
25  America that the foregoing is true and correct to the best of my knowledge.

26      Executed this 23 day of September 2011 at Newport Beach, California.

27

28                                                              _____
                                                            Peter Ludlum, Declarant

MAINDOCS-#166978-v1-Franklin_Jt_Admin_Mtn.DOC

# EXHIBIT "1"

```
1  MARC J. WINTHROP – State Bar No. 63218
   mwinthrop@winthropcouchot.com
2  GARRICK A. HOLLANDER – State Bar No. 166316
   ghollander@winthropcouchot.com
3  JEANNIE KIM – State Bar No. 270713
4  jkim@winthropcouchot.com
   WINTHROP COUCHOT
5  PROFESSIONAL CORPORATION
   660 Newport Center Drive, Suite 400
6  Newport Beach, CA 92660
7  Telephone:  (949) 720-4100
   Facsimile:   (949) 720-4111
8
   [Proposed] General Insolvency Counsel
9  for Debtors and Debtors-in-Possession
10
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re: | Case No. 8:11-bk-23362 ES |
|---|---|
| ☐ ENERGY AND POWER SOLUTIONS, INC., a Delaware corporation<br>☐ DAIRYGEN, LLC, a California limited liability company<br>☐ NEC - EPS HOLDING, LLC, a Delaware limited liability company<br>☐ LYNN ENERGY CENTER, LLC, a Delaware limited liability company<br>☐ COI ENERGY CENTER, LLC, a Delaware limited liability company<br>☐ FRANKLIN ENERGY CENTER, LLC, a Delaware limited liability company<br><br>☐ All Debtors<br><br>Debtors and Debtors-in-Possession. | Jointly Administered with Case Nos. 8:11-bk-23364 ES; 8:11-bk-23365 ES; 8:11-bk-23369 ES; 8:11-bk-23370 ES; 8:11-bk-23372 ES<br><br>Chapter 11 Proceedings<br><br><br><br>DATE:<br>TIME:<br>PLACE:   Courtroom 5A |

# EXHIBIT "2"

MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@winthropcouchot.com
JEANNIE KIM – State Bar No. 270713
jkim@winthropcouchot.com
**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel
for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:11-bk-23362 ES |
| ☐ ENERGY AND POWER SOLUTIONS, INC., a Delaware corporation<br>☐ DAIRYGEN, LLC, a California limited liability company<br>☐ NEC - EPS HOLDING, LLC, a Delaware limited liability company<br>☐ LYNN ENERGY CENTER, LLC, a Delaware limited liability company<br>☐ COI ENERGY CENTER, LLC, a Delaware limited liability company<br>☐ FRANKLIN ENERGY CENTER, LLC a Delaware limited liability company<br><br>☐ All Debtors<br><br>Debtors and Debtors-in-Possession. | Jointly Administered with Case Nos. 8:11-bk-23364 ES; 8:11-bk-23365 ES; 8:11-bk-23369 ES; 8:11-bk-23370 ES; 8:11-bk-23372 ES<br><br>Chapter 11 Proceedings<br><br><br><br>DATE:<br>TIME:<br>PLACE: Courtroom 5A |

| | |
|---|---|
| 1 | **TO ALL KNOWN CREDITORS AND PARTIES IN INTEREST:** |
| 2 | **NOTICE IS HEREBY GIVEN** that on September 23, 2011, the United States Bankruptcy |
| 3 | Court for the Central District of California, the Honorable Erithe A. Smith presiding, ordered the |
| 4 | joint administration of the following chapter 11 cases: |
| 5 | 1.    Energy and Power Solutions, Inc., a Delaware corporation ("EPS"), Chapter 11 |
| 6 |        Case No. 8:11-bk-8:11-bk-23362 ES; |
| 7 | 2.    DairyGen, LLC, a California limited liability company ("DairyGen"), Chapter 11 |
| 8 |        Case No. 8:11-bk-8:11-bk-23364 ES; |
| 9 | 3.    NEC - EPS Holding, LLC, a Delaware limited liability company ("NEC"), Chapter |
| 10 |       11 Case No. 8:11-bk-8:11-bk-23365 ES; |
| 11 | 4.    Lynn Energy Center, LLC, a Delaware limited liability company ("Lynn"), |
| 12 |       Chapter 11 Case No. 8:11-bk-8:11-bk-23369 ES; |
| 13 | 5.    COI Energy Center, LLC, a Delaware limited liability company ("COI"), |
| 14 |       Chapter 11 Case No. 8:11-bk-8:11-bk-23370 ES; |
| 15 | 6.    Franklin Energy Center, LLC, a Delaware limited liability company ("Franklin"), |
| 16 |       Chapter 11 Case No. 8:11-bk-8:11-bk-23372 ES; |
| 17 | EPS, DairyGen, NEC, Lynn, COI, and Franklin, collectively, are referred to as the |
| 18 | "Debtors." Joint Administration of the Debtors' cases includes: (1) the use of a single case docket |
| 19 | (In re Energy and Power Solutions, Inc., Case No. 8:11-bk-8:11-bk-23362 ES) for pleadings and |
| 20 | orders; and (2) the scheduling of hearings. |
| 21 | Pursuant to the Court's order, the official case caption of the Debtors' chapter 11 cases is |
| 22 | the caption used in this notice. All papers filed in the jointly administered cases should use the |
| 23 | / / / |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | official caption and case numbers as shown on this notice and should indicate that the cases are |
| 2 | jointly administered.  The Debtors' estates have not been substantively consolidated. |

DATED: _____, 2011

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By:_____
    Marc J. Winthrop
    Garrick A. Hollander
    Jeannie Kim
[Proposed] General Insolvency Counsel for
Debtors and Debtors-In-Possession

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF PETER LUDLUM IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 23, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov

- Garrick A Hollander    ghollander@winthropcouchot.com, gcrumpacker@winthropcouchot.com;pj@winthropcouchot.com

- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 23, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Via Attorney Service**
Honorable Erithe Smith
Ronald Reagan Federal Bldg.
411 W. Fourth St., Suite 5041
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 23, 2011 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| Date | Type Name | Signature |

-13-

MAINDOCS-#166978-v1-Franklin_Jt_Admin_Mtn.DOC